ATTORNEY GENERAL LOVING HAS ASKED THAT I RESPOND TO YOUR RECENT LETTER IN WHICH YOU ASKED, IN EFFECT, THE FOLLOWING QUESTION:
 WHAT IS THE EFFECT OF THE 1992 AMENDMENT TO 22 O.S. 1355.13 (1991), PROVIDING FOR THE PAYMENT OF ATTORNEYS OTHER THAN DEFENSE SYSTEM ATTORNEYS APPOINTED TO REPRESENT DEFENDANTS IN CAPITAL CASES, ON THE PAYMENT OF THOSE NON-SYSTEM ATTORNEYS WHO WERE APPOINTED PRIOR TO THE AMENDMENT WHEN THE STATUTE CONTAINED DIFFERENT PAYMENT PROVISIONS?
BECAUSE YOUR QUESTION CAN BE ANSWERED BY APPLYING PRINCIPLES OF STATUTORY CONSTRUCTION TO THE CONTROLLING STATUTES, YOUR QUESTION CAN BE ANSWERED THROUGH THIS INFORMAL LETTER. THE DISCUSSION WHICH FOLLOWS IS NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL. RATHER, IT IS BASED ON MY ANALYSIS AND CONCLUSIONS REGARDING THE QUESTION YOU HAVE RAISED.
PRIOR TO THE 1992 AMENDMENT, 22 O.S. 1355.13 READ, IN PERTINENT PART, AS FOLLOWS:
 "A. EXCEPT FOR COUNTIES SUBJECT TO THE PROVISIONS OF SECTION 138.1 OF TITLE 19 OF THE OKLAHOMA STATUTES, IN ALL CASES IN EVERY COUNTY OF THIS STATE WHENEVER THE DEFENDANT IS SUBJECT TO THE DEATH PENALTY AND ATTORNEYS OTHER THAN ATTORNEYS OF THE CAPITAL LITIGATION DIVISION ARE APPOINTED, THE EXECUTIVE DIRECTOR SHALL DIRECT THAT THE COURT-APPOINTED ATTORNEYS BE PAID FROM THE INDIGENT DEFENSE SYSTEM REVOLVING FUND. THE FEE SHALL BE ONE HUNDRED TWENTY-FIVE DOLLARS ($125.00) HOUR FOR ALL REASONABLE SERVICES THE ATTORNEYS MAY RENDER. (EMPHASIS ADDED.)"
UNDER THIS PAYMENT SCHEME, THE HOURLY RATE IS SET, BUT THERE IS NO DOLLAR LIMIT ON THE TOTAL AMOUNT PAYABLE. SUBSECTION B OF THE STATUTE SPECIFICALLY STATES "THERE SHALL BE NO MAXIMUM AMOUNT OF COMPENSATION IN CAPITAL CASES." 22 O.S. 1355.13(B) (1991).
EFFECTIVE JULY 1, 1992, THE STATUTE WAS AMENDED TO READ AS FOLLOWS:
 "A. IN EVERY CASE IN WHICH THE DEFENDANT IS SUBJECT TO THE DEATH PENALTY AND AN ATTORNEY OR ATTORNEYS OTHER THAN AN ATTORNEY OR ATTORNEYS EMPLOYED BY THE INDIGENT DEFENSE SYSTEM ARE APPOINTED TO PROVIDE REPRESENTATION, AN APPLICATION FOR COMPENSATION SHALL BE ACCOMPANIED BY AN AFFIDAVIT OF EACH APPOINTED ATTORNEY, DETAILING THE HOURS SPENT ON THE CASE AND THE SERVICES RENDERED. THE APPLICATION SHALL ALSO STATE IF ANY AMOUNT AWARDED BY THE EXECUTIVE DIRECTOR SHALL BE THE SOLE SOURCE OF COMPENSATION FOR THE SERVICES PROVIDED. IF OTHER SOURCES OF COMPENSATION ARE ALSO USED, THE OTHER SOURCES OF COMPENSATION AND AMOUNTS SHALL BE SPECIFIED IN THE APPLICATION. EXCEPT AS PROVIDED IN SUB-SECTION B OF THIS SECTION. TOTAL COMPENSATION FOR NON-SYSTEM ATTORNEYS IN CAPITAL CASES SHALL NOT EXCEED TWENTY THOUSAND DOLLARS (20.000.00) PER CASE. TOTAL COMPENSATION FOR A NON-SYSTEM ATTORNEY WHO IS CO-COUNSEL WITH A SYSTEM ATTORNEY IN A CAPITAL CASE SHALL NOT EXCEED FIVE THOUSAND DOLLARS ($5.000.00) PER CASE.
22 O.S.SUPP.1992, 1355.13 (EMPHASIS ADDED)."
THE AMENDED VERSION OF 22 O.S. 1355.13 DOES NOT SPECIFY AN HOURLY RATE, BUT PUTS A CAP ON THE DOLLAR AMOUNT PAYABLE IN ANY ONE CASE. THERE IS A PROVISION IN 22 O.S. 1355.13(B) THAT THE MAXIMUM STATUTORY FEE MAY BE EXCEEDED UPON A DETERMINATION BY THE EXECUTIVE DIRECTOR, APPROVED BY THE BOARD, THAT THE CASE WAS EXCEPTIONAL AND REQUIRED AN EXTRAORDINARY AMOUNT OF TIME, AND THAT THE REQUEST FOR ORDINARY FEES IS REASONABLE. 22 O.S. 1355.13(B) (1992).
YOU HAVE ASKED WHAT EFFECT, IF ANY, THE CHANGE IN THE STATUTE HAS ON NON-SYSTEM ATTORNEYS WHO WERE APPOINTED PRIOR TO THE LEGISLATIVE CHANGE AND CONTINUE TO REPRESENT THOSE DEFENDANTS. IN ESSENCE YOU HAVE ASKED UNDER WHICH STATUTE THEY ARE TO BE PAID.
IT IS A WELL SETTLED PRINCIPLE OF STATUTORY CONSTRUCTION IN OKLAHOMA THAT STATUTES ARE GENERALLY CONSTRUED TO OPERATE PROSPECTIVELY ONLY.
 "ALL STATUTES ARE CONSTRUED AS HAVING PROSPECTIVE OPERATION UNLESS THE LEGISLATURE CLEARLY INTENDED OTHERWISE. IF THERE IS ANY DOUBT, IT MUST BE RESOLVED AGAINST THE RETROACTIVE EFFECT."
IN THE MATTER OF MCNEELY, 734 P.2D 1294, 1296, N.7 (OKLA.1987) (CITATIONS OMITTED). THERE IS NOTHING IN THE AMENDED VERSION OF 1355.13 TO INDICATE THAT THE LEGISLATURE INTENDED THE PAY SCALE THEREIN TO BE APPLIED RETROACTIVELY.
BOTH VERSIONS OF THE STATUTE REFER TO PAYING THOSE NON-SYSTEM ATTORNEYS-APPOINTED TO REPRESENT DEFENDANTS IN DEATH PENALTY CASES. THE PAYMENT PROVISIONS ARE TRIGGERED BY THE APPOINTMENT OF SUCH ATTORNEYS. TO AVOID GIVING RETROACTIVE EFFECT TO THE AMENDMENT WHICH BECAME EFFECTIVE JULY 1, 1992, THE COMPENSATION FOR A NON-SYSTEM ATTORNEY APPOINTED TO REPRESENT A DEFENDANT IN A CAPITAL CASE MUST BE GOVERNED BY THE STATUTE IN EFFECT AT THE TIME OF THAT APPOINTMENT. THUS, IN YOUR EXAMPLE OF AN ATTORNEY APPOINTED PRIOR TO THE LEGISLATIVE CHANGE WHO CONTINUES TO REPRESENT THAT CLIENT AFTER THE LEGISLATIVE AMENDMENT, THE ATTORNEY SHOULD CONTINUE TO BE COMPENSATED AT THE RATE IN EFFECT AT THE TIME OF THE APPOINTMENT, $125.00 PER HOUR FOR ALL REASONABLE SERVICES WITH NO UPPER LIMIT.
TO PROPERLY APPLY THE NEW STATUTE PROSPECTIVELY, IT MUST BE CONSTRUED TO GOVERN THOSE APPOINTMENTS MADE SUBSEQUENT TO ITS ENACTMENT. IN YOUR LETTER, YOU ILLUSTRATED A SITUATION IN WHICH A LEAD ATTORNEY MIGHT HAVE BEGUN REPRESENTATION PRIOR TO JULY 1, 1992, WITH CO-COUNSEL APPOINTED SUBSEQUENT TO THAT DATE. PROSPECTIVE APPLICATION OF THE PRESENT 22 O.S. 1355.13 WOULD REQUIRE THAT THE TWO BE PAID DIFFERENTLY — EACH IN ACCORDANCE WITH THE STATUTE IN EFFECT AT THE TIME OF APPOINTMENT.
THEREFORE, IT IS MY OPINION THAT THE AMENDED VERSION OF 22 O.S. 1355.13, WHICH BECAME EFFECTIVE JULY 1, 1992, HAS NO EFFECT ON COMPENSATION OF NON-SYSTEM ATTORNEYS APPOINTED UNDER THE PRIOR 1355.13 AND BEFORE THE EFFECTIVE DATE OF THE AMENDMENT, AND SHOULD BE APPLIED PROSPECTIVELY, THAT IS, TO GOVERN COMPENSATION OF ATTORNEYS APPOINTED AFTER JULY 1, 1992.
(GAY ABSTON TUDOR)